UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-42-KKC

FRED DOUGLAS CRONEY                                                                                       PLAINTIFF

VS:                               **MEMORANDUM OPINION AND ORDER**

ERNIE FLETCHER, ET AL.                                                                                 DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

Fred Douglas Croney, Jr. ("Croney"), an individual incarcerated in the Shelby County Detention Center in Shelbyville, Kentucky, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 in the Western District of Kentucky [Record No. 1]. In his complaint, Croney alleges that his arrest and prosecution violate his constitutional rights, as do the conditions of his confinement at the Shelby County Jail. The case has been transferred to this Court pursuant to 28 U.S.C. §1406.

Several matters were pending at the time the case was transferred to this district:

1.    Plaintiff's motion to proceed *in forma pauperis*;

2.    Plaintiff's request for the appointment of counsel;

3.    Plaintiff's indication that Jonathan Kendrick Jackson and John Scott Patterson wished to withdraw as plaintiffs in this case;

4.    Plaintiff's request for class certification;

5.    Arthur Stone's and James L. Thompson's request to join in the lawsuit; and

6.    Plaintiff's letter to the Clerk's Office requesting answers to legal questions.

The Court will address these matters in turn.

Plaintiff's application to proceed *in forma pauperis* is substantially in order; however, the financial information provided has not been certified by appropriate prison personnel. Accordingly,

the Court will direct the Clerk's Office to send the plaintiff this Court's form to proceed *in forma pauperis* [Form AO240] and Certificate of Inmate Account [Form EDKy 523], which the plaintiff must fully complete, have certified by appropriate jail staff, and file within thirty days.

With respect to the appointment of counsel in civil cases, the Court has the statutory authority to make such an appointment under 28 U.S.C. §1915(e), but the exercise of that authority is limited to truly extraordinary situations. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). The Court has evaluated the factors used to assess whether such circumstances exist in this case, and has determined that the appointment of counsel is not warranted.

The plaintiff indicates that Jonathan Kendrick Jackson and John Scott Patterson do not wish to participate as plaintiffs in this case. Neither of these gentlemen signed the complaint. Because neither of these individuals was properly a party plaintiff in the first instance, the Clerk of the Court will be directed to remove these individuals as plaintiffs from the docket.

The plaintiff has also asked that this action be certified as a class action. Class actions are governed by Federal Rule of Civil Procedure 23 and must meet certain criteria before the Court may certify a class. The plaintiff has not identified or argued that these criteria are met. Further, Plaintiff's complaint includes lengthy allegations that are unique to his arrest and prosecution, which strongly indicates that there is reason not to certify this case as a class action. The plaintiff's motion will therefore be denied.

Arthur Stone and James L. Thompson have submitted a letter in which they indicate their desire to join this lawsuit because their rights are also being violated at the Shelby County Jail. The letter does not include any facts which indicate what rights are implicated or how those rights have been violated. The joinder of parties to a lawsuit is governed by Federal Rule of Civil Procedure 20,

2

and intervention in a proceeding is governed by Rule 24. Without an explanation of what events occurred to each of these two gentlemen, the Court cannot determine whether the requirements of these rules have been satisfied. The Court must therefore deny the request at this juncture.

In two letters sent to the Clerk of the Court, Plaintiff has asked for an explanation of what impact his acceptance of a guilty plea to pending charges and/or his release from the Shelby County Jail would have on his claims in this proceeding. These questions request legal advice, something that neither the Clerk's Office nor this Court can provide, particularly with respect to contingencies which may or may not occur in the future.

Because the plaintiff is (or may be in the near future) proceeding *in forma pauperis* in this proceeding and because he seeks relief against a governmental agency and/or its officers, federal law requires the Court to review the complaint before summonses are issued to determine whether it asserts claims that are frivolous or fail to state a claim. 28 U.S.C. §§1915(e)(2), 1915A, 1997e(c)(1).

Plaintiff asserts a number of claims regarding the conditions of confinement at the Shelby County Jail, including that the jail is overcrowded, access to legal materials is inadequate, his phone calls with his attorney are monitored, he is charged for medical treatment, medications are distributed by prison staff, and there are long delays before receiving treatment. Federal law requires any prisoner who wishes to file suit regarding the conditions of his confinement to first present his complaints to prison officials by filing a grievance with prison officials and exhausting any and all avenues of appeal. 28 U.S.C. §1997e(a). Plaintiff has not alleged that he filed a grievance regarding any of these claims, or otherwise indicated that he did so by providing the Court with copies of any grievance forms he filed or the jail's response(s) thereto. In order to expedite the consideration of his claims on the merits, the plaintiff is requested to file with the Court within thirty (30) days a copy

3

of the Shelby County Jail's grievance policy, if any, and any and all documents which indicate that he presented a formal complaint regarding these issues to jail officials and/or appealed a denial to the warden or chief jailer.

Plaintiff also asserts that Kentucky State Police officers stopped his vehicle without probable cause, searched his person without probable cause, and did not advise him of his rights pursuant to *Miranda*; that prosecutors have held him in the jail for 12 or more days without bringing formal charges against him; that the presiding judge set an unreasonable bail; and that the public defender representing him has rendered constitutionally-ineffective counsel under *Washington*.

All of these claims are of a type pursued in the criminal proceeding itself, typically through a motion to dismiss the indictment, suppress evidence, or subsequently to challenge any conviction on direct appeal. Had the plaintiff already been convicted of the charged crimes, his claims would face a potential bar under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (any civil rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated).

Here, however, Plaintiff indicates that he is a pretrial detainee, and thus that he has not yet been convicted of any crime arising out of the arrest and prosecution about which he now complains. In such circumstances, where

> ... a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. ... If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Wallace v. Kato*, 127 S.Ct. 1091, 1098 (Feb. 21, 2007) (*citing Heck*, 512 U.S. at 487-88;

*Quakenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996); *Edwards v. Balisok*, 520 U.S. 641, 649 (1997)); *see also Johnson v. Arndt*, 2005 WL 348409 (9th Cir. 2005) (illegal seizure and wrongful arrest claims against police officers were premature under *Heck* where success on claims would have necessarily implied invalidity of his convictions and arrestee had not demonstrated that those convictions had been overturned). At a minimum, Plaintiff's claims regarding his arrest and prosecution would have to be stayed pending the outcome of his state court criminal proceedings.

However, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). To determine whether *Younger* abstention is required, a court considers whether (1) a state proceeding is pending at the time the federal action is initiated; (2) an adequate opportunity is provided to raise the constitutional claims in state court; and (3) there are extraordinary circumstances that nevertheless warrant federal intervention. *Id*.

The plaintiff has indicated that, at the time he filed his complaint in this action, he was a pretrial detainee in custody pending charges for driving under the influence of alcohol and possession of a controlled substance. There is no indication in the record that the state court would refuse to consider his constitutional claims, and due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). And nothing in Plaintiff's submissions indicates the presence of any factor which

5

"render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

The record therefore indicates that *Younger* abstention is appropriate, indeed required, with respect to Plaintiff's claims regarding the alleged constitutional infirmities of his search, arrest, and prosecution. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings). Where *Younger* abstention is appropriate, it requires dismissal of those claims. *Zalman*, 802 F.2d at 207 n.11. Thus, while a stay of these proceedings would be permissible in light of *Heck*-related concerns, dismissal of these claims without prejudice would be more appropriate in light of *Younger*.

Accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of the Court is directed to remove Jonathan Kendrick Jackson and John Scott Patterson as plaintiffs in this case.

2. The Clerk of the Court is directed to mail (1) an affidavit of assets/*in forma pauperis* application [Form AO-240] and (2) a Certificate of Inmate Account [EDKY Form 523] to the plaintiff.

3. The plaintiff must pay the $350 filing fee or complete and file the supplied necessary form(s) within thirty (30) days of the date of entry of this Order.

4. If the plaintiff fails to either submit the required financial form(s) or pay the filing fee within thirty (30) days from the date of entry of this Order, the Court will presume that he is not a pauper and will order the case dismissed for want of prosecution. If the case is dismissed

under these circumstances, it will not be reinstated to the active docket even if the plaintiff subsequently pays the filing fee. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

5. If full payment of the filing fee is not made, then upon the filing of all forms indicated herein or, alternatively, upon the expiration of forty (40) days from the date of entry of this Order, the Clerk of this Court is hereby directed to notify the Pro Se Office.

6. Plaintiff's motion for the appointment of counsel is **DENIED**.

7. Plaintiff's request for class certification is **DENIED**.

8. The request of Arthur Stone and James L. Thompson's to join/intervene in this case is **DENIED**.

9. Plaintiff's claims regarding the constitutionality of the police stop of his vehicle, the search of his person, and advising him of his rights pursuant to *Miranda*; the right to a speedy trial; the reasonableness of bail; and ineffective assistance of counsel are **DISMISSED WITHOUT PREJUDICE**.

10. The plaintiff is requested to file with the Court within thirty (30) days a copy of the Shelby County Jail's grievance policy, if any, and any and all documents which indicate that he presented a formal complaint regarding these issues to jail officials and/or appealed a denial to the warden or chief jailer.

Dated this 26th day of June, 2007.



Signed By:
*Karen K. Caldwell*
**United States District Judge**