UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 07-CV-42-KKC

FRED DOUGLAS CRONEY                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

ERNIE FLETCHER, ET AL.                                              DEFENDANTS

** ** ** ** **

Fred Douglas Croney, Jr. ("Croney") was a prisoner incarcerated at the Shelby County Detention Center ("SCDC") at the time he filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. [Dkt. 2]  The Court granted his application to proceed *in forma pauperis* by separate Order.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A.  *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).  As Croney is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his complaint are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But the Court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

On March 31, 2007, Croney was stopped in Shelby County, Kentucky, by a Kentucky State Police officer because of the officer's concern that a "domestic violence situation" might be at hand.

As a result of the stop, Croney was ultimately arrested and charged for the possession of illegal narcotics, and taken to the Shelby County Detention Center pending trial.

In his Complaint, Croney asserts a number of claims arising out of the conditions of his confinement. Croney alleges that the jail was generally overcrowded; his access to legal materials was unreasonably limited because prisoners were only permitted to request legal materials by requesting a specific statute by number; he could only obtain an unmonitored phone call with his attorney by placing him on a special call list; he was charged a fee for receiving his prescription medications; medications were handed to him by jail staff rather than trained medical professionals; and there were delays in receiving medical treatment. The Court will consider these contentions in turn.

## DISCUSSION

Croney first contends that SCDC is overcrowded. Assuming that this is so, overcrowding does not, in and of itself, violate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Absent an allegation that the overcrowding caused some distinct constitutional injury, this allegation fails to state a claim.

Croney next asserts that the jail's practice of requiring inmates to request specific legal volumes by statute number unreasonably interfered with his right of access to the courts. Inmates have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996); *Ward v. Dyke*, 58 F.3d 271, 275 (6th Cir. 1995). But the right guarantees access to the courts, not necessarily an adequate prison law library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Even if a law library is inadequate in some fashion, the inmate must demonstrate that the shortcoming caused some concrete injury to a non-frivolous legal proceeding. *Lewis*, 518 U.S. at

2

351. Croney has not alleged, let alone demonstrated, such an injury, and he therefore fails to state a claim for relief. *Thomas v. Campbell*, 12 Fed.Appx. 295 (6th Cir. 2001) (prisoner not entitled to unfettered access to law library or on terms he deems most favorable); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (although *pro se* pleadings are to be construed liberally, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Further, it appears Croney was represented by counsel during his criminal proceedings. Where a pretrial detainee is represented by counsel, a jail cannot be said to have interfered with his right of access to the courts regardless of the nature of its law library, as the access right is adequately protected by the inmate's legal counsel. *Leveye v. Metropolitan Public Defender's Office*, 73 Fed.Appx. 792 (6th Cir. 2003) (*citing Holt v. Pitts*, 702 F.2d 639 (7th Cir. 1983).

Croney also alleges that he wished to make unmonitored phone calls with his attorney. Croney's allegations are decidedly unclear on this point, but it appears that such calls were permitted so long as certain procedures were followed, such as by providing the name and contact information of the attorney to be called. Such requirements do not present an unreasonable barrier to access to legal counsel, and thus fail to allege a claim for violation of the right to access to the courts. *Robinson v. Gunja*, 92 Fed.Appx. 624, 626 (10th Cir. 2004) (requiring inmate to make request for unmonitored call to attorney does not unreasonably restrict access to courts). This is particularly so where other means of communication remain open, such as written correspondence or in-person meetings.

Croney alleges that he requested medical care on several occasions but did not receive it, that he is charged a fee for medications that he receives, and that corrections officers distribute medications to him rather than trained medical personnel. The Eighth Amendment prohibits prison

3

officials from acting with "deliberate indifference" to an inmate's "serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  As a pretrial detainee, Croney's claim arises under the Fourteenth Amendment rather than the Eighth, but the analysis is functionally the same. *Davis v. Hall*, 992 F.2d 151 (8th Cir. 1993).

As with his other contentions,  Croney's complaint is devoid of any allegation that he suffered any actual injury from these shortcomings, required to sustain a claim under the civil rights statutes. *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471 (1982) (claim of actual rather than speculative injury required for standing to assert civil rights claim); 42 U.S.C. § 1997e(e).  With respect to medical care requested but not received, Croney does not explain what treatment he requested, and there is therefore no basis to conclude that the medical care in question implicated his "serious medical needs." Further, the "deliberate indifference" standard requires a showing that prison officials were fully aware of the need for medical care but nevertheless intentionally ignored it, such as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992) (*citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  Some delay in receiving non-urgent medical care is ordinary and fails to demonstrate any deliberate indifference on the part of jail officials. *Hicks v. Frey*, 992 F.2d 1450, 1456-57 (6th Cir. 1993); *Brooks v. Celeste*, 39 F.3d 125, 128-29 (6th Cir. 1994).  Likewise, Croney's expressed concern that having jail staff distribute routine medications might some day cause an injury is purely speculative (and given his release from SCDC after the filing of the Complaint herein, no longer a possibility), and thus fails to establish a basis for relief. *Mitchell v. Horn*, 318 F.3d 523, 533 (3rd Cir. 2003) (purely mental or emotional injury insufficient; prisoner required to show prior physical

4

injury that was more than de minimis, but less than significant). Finally, numerous courts have upheld the practice of charging inmates a nominal fee for health care services against constitutional challenges. *Sickles v. Campbell County, Kentucky*, 439 F.Supp.2d 751, 756 (E.D.Ky. 2006); *Robinson v. Fauver*, 932 F.Supp. 639, 645 (D.N.J. 1996) (rejecting equal protection and due process challenges to New Jersey's inmate co-payment system); *Johnson v. Dep't of Public Safety*, 885 F.Supp. 817, 821 (D.Md. 1995) (rejecting due process challenge).

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Plaintiff's complaint is **DISMISSED**, with prejudice.

(2)     The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 2nd day of January, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**